506 A.2d 936

**COMMONWEALTH of Pennsylvania,**

v.

**Robert E. DOUGHERTY, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 18, 1985.

Filed March 20, 1986.

604

William P. Wismer, Media, for appellant.

Ann Osborne, Assistant District Attorney, Media, for Com., appellee.

Before CIRILLO, MONTEMURO and POPOVICH, JJ.

CIRILLO, Judge:

This is an appeal by Robert E. Dougherty from a judgment of sentence of the Court of Common Pleas of Philadelphia County. A jury found appellant guilty of driving under the influence of alcohol. Post-trial motions were denied and appellant was ordered to serve a term of imprisonment of not less than forty-eight hours nor more than twenty-three months and three weeks, pay a fine of $750.00, and pay costs of prosecution.

The manner in which appellant has presented his questions for our review is itself a source of some confusion and must be considered preliminarily.

In the "questions presented" portion of his brief, appellant challenges the weight and sufficiency of the evidence, and separately urges trial court error in not instructing the jury on an alleged inherent unreliability of the breathalyzer. However, in the body of his argument, appellant argues that trial counsel was ineffective for not preserving these issues.

Clearly, the weight, sufficiency, and jury charge issues are waived, for as appellant concedes, his counsel did not preserve them for appellate review.

Issues which are neither orally argued nor briefed in post-trial motions are abandoned. *Commonwealth v. Man-*

*igault,* 501 Pa. 506, 462 A.2d 239 (1983); *Commonwealth v. Urbina,* 290 Pa.Super. 117, 434 A.2d 157 (1981). Furthermore, we reiterate our holding in *Commonwealth v. Holmes,* 315 Pa.Super. 256, 461 A.2d 1268 (1983). "Boilerplate" attacks on the verdict, such as those contained in appellant's post-trial motions, and again in the first and second questions presented in appellant's brief are:

> ... inadequate to preserve any issues for appellate review. Post-verdict motions now must allege in what particular respect(s) the evidence was insufficient to prove the elements of the crime(s), or in what particular respect(s) the weight of the evidence was such that the verdict should be overturned and a new trial granted.

*Commonwealth v. Whiteman,* 336 Pa.Super. 120, 126, 485 A.2d 459, 462–63 (1984), citing *Commonwealth v. Holmes, supra.*

█ Thus, as concerns these claims, appellant's only option on appeal is to allege the ineffectiveness of his trial counsel for not preserving the substantive claims. However, ineffective assistance is not one of the "questions presented". Rather, it is only discussed as an element of the substantive claims which we have already deemed waived. Nonetheless, we deign to consider the ineffective assistance of counsel claims. We are able to glean from appellant's inartfully drafted brief, his mistaken belief that an ineffective assistance claim revives those substantive claims which counsel is allegedly ineffective for failing to preserve. This explains appellant's failure to include the ineffective assistance claims in his "questions presented", as well as his inclusion of the waived issues in that portion of his brief.

Beyond the ineffective assistance of counsel claims, appellant also contends that he was denied an adequate preliminary hearing because the Commonwealth failed to produce at the hearing, a certificate of accuracy for the breath test machine, a log showing the results at calibration tests performed upon the machine, and testimony that appellant had been observed for twenty minutes prior to administra-

tion of the breath test. Appellant urges that the failure of the district justice to require the production of these evidentiary items rendered the test results inadmissible for the purpose of the hearing, as lacking the proper foundation. Appellant argues that the practical effect was the denial of an adequate preliminary hearing.

Finally, appellant challenges the constitutionality of the Pennsylvania Driving Under the Influence Statute, 75 Pa. C.S. § 3731. Appellant argues that the Statute: (1) denies him the right to due process of law by providing the district attorney with unreviewable and excessive discretion over acceptance into the Accelerated Rehabilitation Disposition (ARD) Program; (2) violates the doctrine of separation of powers by prohibiting district justices from reducing or modifying charges brought pursuant to 75 Pa.C.S. 1371; and (3) impermissibly exacts a penalty for the exercise of a constitutional right by "coercing" accuseds to accept disposition pursuant to the ARD program rather then seek a trial by jury.

We turn first to appellant's ineffectiveness of counsel claims. In considering a claim of ineffectiveness of counsel, this Court utilizes a three-component analysis. First, it is necessary to determine whether the issues not preserved were of arguable merit. *Commonwealth v. Wilkerson,* 490 Pa. 296, 416 A.2d 477 (1980). If the issues were of arguable merit, we then consider whether the course chosen by trial counsel had some reasonable basis designed to effectuate his client's interests. *Commonwealth v. Manigault,* 501 Pa. 506, 462 A.2d 239 (1983); *Commonwealth v. Burton,* 491 Pa. 13, 417 A.2d 611 (1980); *Commonwealth v. Cotton,* 338 Pa.Super. 20, 487 A.2d 830 (1984). Finally, no basis for reversal exists if trial counsel's actions were not prejudicial to the defendant. *See Commonwealth v. Pierce,* 345 Pa.Super. 324, 498 A.2d 423 (1985) (en banc); *Commonwealth v. Byers,* 349 Pa.Super. 162, 502 A.2d 1324 (1986). Counsel will not be considered ineffective for failing to preserve a baseless claim. *Commonwealth v. Giknis,* 491 Pa. 215, 420 A.2d 419 (1980);

*Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

■ Appellant's initial claim of ineffectiveness is that trial counsel failed to preserve for review a post-trial motion that the evidence was insufficient to sustain the jury's verdict of guilty. After careful review of the record, we conclude this issue was void of merit, and that trial counsel was not ineffective for failing to preserve it for review.

■ The evidence, read in the light most favorable to the verdict winner, reveals that appellant was observed by Haverford Township Police as he was operating a motor vehicle that was swerving from side to side. Upon stopping appellant's vehicle, an officer noticed the odor of alcohol and an accumulation of alcoholic beverage containers inside the vehicle. Appellant had difficulty walking and standing upright without placing his hand upon his vehicle. Appellant experienced difficulty in performing on-site sobriety tests. Accordingly, we find the evidence sufficient to support appellant's conviction for driving under the influence. *See Commonwealth v. Slout,* 288 Pa.Super. 471, 432 A.2d 609 (1981); *Commonwealth v. Richardson,* 307 Pa.Super. 191, 452 A.2d 1379 (1982); *Commonwealth v. Whiteman,* 336 Pa.Super. 120, 485 A.2d 459 (1984).

Appellant also challenges the sufficiency of the evidence by attacking the reliability and relevance of the test results. However, as in *Commonwealth v. Whiteman, supra:*

> The breathalyzer results were merely proof of the punch. Appellant's argument, directed in essence to the weight and admissibility of one particular piece of evidence merits no consideration in an assessment of the evidence. *See generally Commonwealth v. Meadows,* 471 Pa. 201, 369 A.2d 1266 (1977).

*Id.* 336 Pa.Super. at 128, 485 A.2d at 463–65.

Inasmuch as appellant's sufficiency arguments are void of arguable merit, we hold that his trial counsel was not ineffective for failing to preserve them for review. *Commonwealth v. Wilkerson,* 490 Pa. 296, 416 A.2d 477 (1980).

Appellant's second claim of ineffectiveness is based upon trial counsel's failure to preserve for review a post-trial motion that the verdict was against the weight of the evidence. We conclude that this issue was also meritless and, therefore, that trial counsel was not ineffective. For relief to be granted on the ground that a verdict was against the weight of the evidence, the record must reflect that the verdict was so contrary to the evidence produced at trial as to shock one's sense of justice and to make the award of a new trial imperative. *Commonwealth v. Mitchell*, 319 Pa.Super. 170, 465 A.2d 1284 (1983). We are convinced that the evidence produced at trial in this case fully supports the verdict rendered by the jury.

■ Appellant's final ineffectiveness claim concerns trial counsel's failure to file requested points for charge regarding an alleged "inherent unreliability" of the breath-test machine. In sum, appellant argues that the machine exhibited a standard testing deviation in excess of that allowed by 67 Pa. Code Ch. 77.6(b)(2)(ii), and that trial counsel was ineffective for (1) failing to submit a written request for a jury charge to that effect, and (2) failing to preserve this issue for review. We are convinced that the trial court properly disposed of appellant's "unreliability" argument as lacking merit, particularly since it presupposes that the accuracy of the machine must be measured to ten thousandths of a percent, in the face of a statute indicating only measurements in thousandths. Regardless, the deviation urged by appellant would not have brought his reading within the legal limit. Inasmuch as the argument in support of such a jury charge is without merit, trial counsel was not ineffective for failing to submit same, and was not ineffective for failing to preserve the issue for review.

■ We next consider appellant's contentions regarding the adequacy of his preliminary hearing. In essence, appellant argues that the Commonwealth failed to establish a prima facie case at the hearing and that he was wrongfully held for trial on the basis of inadmissible evidence. Appellant urges a failure of the Commonwealth to lay a proper

foundation for the admissibility of the test results by not showing adherence to the accuracy testing procedures set forth in 75 Pa.C.S. § 1547(c)(1). However, our examination of the record shows that the Commonwealth clearly established a prima facie case at the hearing without documenting the accuracy of the machine. The preliminary hearing testimony of the arresting officer indicates that he observed (1) appellant's vehicle swerving and stopping for no apparent reason, (2) the smell of alcohol upon stopping appellant's vehicle, (3) numerous alcoholic beverage containers in appellant's vehicle, and (4) the actions of appellant himself as he inadequately performed field sobriety tests. Appellant's contention that he was denied an adequate preliminary hearing is without merit because the Commonwealth was successful in establishing a prima facie case at the preliminary hearing even without documenting the accuracy of the breath-test results. Furthermore, even if the Commonwealth had not done so, our Supreme Court has stated that:

> [I]f in fact it is determined at trial that the evidence of the Commonwealth is sufficient to be submitted to the jury, then any deficiency in the presentation before the district justice would have been harmless ...

*Commonwealth v. Hess*, 489 Pa. 580, 590, 414 A.2d 1043, 1048 (1980); *see also Commonwealth v. Rineer*, 310 Pa.Super. 241, 456 A.2d 591 (1983).

■ Finally, we consider appellant's three challenges to the constitutionality of 75 Pa.C.S. § 3731. First, appellant contends that 75 Pa.C.S. § 3731 denies the right to due process of law by providing prosecutors with unreviewable, excessive discretion in that an accused is presented to the court for acceptance into the ARD program only upon motion of the district attorney. This very contention was recently considered by our Supreme Court in *Commonwealth v. Lutz*, 508 Pa. 297, 495 A.2d 928 (1985), wherein the Court explicitly stated:

> We conclude, therefore, that district attorneys, *under the rules promulgated by this Court*, have the sole discre-

tion in any criminal case, including drunk driving cases, to move for the admission of a defendant into ARD.

*Id.*, 508 Pa. at 306, 495 A.2d at 932 (emphasis in original).

Moreover, the Court in *Lutz* stated that such discretion is not limited by the mandatory sentencing provisions of the Motor Vehicle Code:

The argument is that failure of the district attorney to submit a case for ARD, in the context of mandatory sentencing, amounts to an unconstitutional exercise of the judicial power to sentence. Such an argument fails to acknowledge, however, that ARD is a *pre-trial* disposition, and that sentencing is a *post-trial* disposition of the case. Moreover, the failure of a Commonwealth attorney to submit a case for ARD does not, in itself, impose a sentence any more than the exercise of prosecutorial discretion in deciding to prosecute the case in the first instance imposes a sentence.

*Id.*, 508 Pa. at 306, 495 A.2d at 932–33 (emphasis in original).

Therefore, in view of the Court's decision in *Lutz*, it is clear that appellant's first constitutional challenge must fail.

■ Appellant next contends that the statute violates the separation of powers doctrine by prohibiting district justices from reducing or modifying charges brought under 75 Pa.C.S. § 3731. Section 3731(f) states that the district justice "shall not reduce or modify the original charges." In *Commonwealth v. Hernandez*, 339 Pa.Super. 32, 488 A.2d 293 (1985), our Court held that the statutory prohibition against reduction or modification of drunk driving charges by district justices is not unconstitutional as a violation of separation of powers in view of the fact that it simply prohibits reduction or modification of the original charges, and does not prohibit dismissal if a prima facie case is not established. Appellant's second constitutional challenge falls for the reasons stated in *Hernandez, supra.*

Appellant's final constitutional challenge is that minimum sentencing for first time drunk driving offenders, provided by 75 Pa.C.S. § 3731(e)(1)(i), is unconstitutional as it will inevitably coerce defendants to accept an ARD disposition rather than face mandatory incarceration if convicted. Therefore, in appellant's view, the mandatory minimum sentence provision unconstitutionally exacts a penalty for the exercise of the right to a jury trial. We begin by noting that "[T]he selection of the [mandatory sentence], being a legislative determination, carries a strong presumption of validity, and of constitutionality." *Commonwealth v. Middleton,* 320 Pa.Super. 533, 467 A.2d 841 (1983).

■■■ We are in agreement with the opinion expressed by the trial court that a defendant's penalty for violation of 75 Pa.C.S. § 3731 results not from his own decision to include himself or to refrain from participation in ARD, when that option is available. Rather, any penalty imposed results from his conviction for the offense charged. Accordingly, we hold that absent a suggestion of fraud, mistake, bad faith, or other inappropriate conduct, the mandatory sentence provided pursuant to 75 Pa.C.S. § 3731 is not a violation of an accused's right to trial by jury.

Order affirmed.

POPOVICH, J., concurs in result.