537 A.2d 361

**COMMONWEALTH of Pennsylvania**

v.

**James Mitchell HOUSE, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 4, 1987.

Filed Feb. 10, 1988.

24

David A. Schroeder, Erie, for appellant.

Timothy J. Lucas, Assistant District Attorney, Erie, for Com., appellee.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

ROWLEY, Judge:

Appellant James House appeals from the judgment of sentence of seven to fourteen years imprisonment that was imposed on March 27, 1987. He raises three issues [1]: 1) whether trial counsel was ineffective for stating as mere "boilerplate" the allegations in appellant's motion for a new trial and/or arrest of judgment that the verdict was contrary to the evidence, to the weight of the evidence, and to the law; 2) whether trial counsel was ineffective for failing to locate and call an alibi witness allegedly identified by appellant; and 3) whether the sentence imposed was excessive. We affirm.

The charges against appellant arose out of four separate incidents. The first of these, the stabbing of one Henry Pullium on June 14, 1986, resulted in appellant's plea of guilty on January 16, 1987, to a charge of simple assault. The remaining incidents involved appellant's former girlfriend, Denise Hayes. Appellant was charged with committing simple assault against Hayes on June 28, 1986, with robbing her on July 2, 1986, and with recklessly endangering and committing aggravated assault against her on July 3, 1986.

On January 16, 1987, a jury found appellant not guilty of robbery but guilty of the other charges. A post-verdict motion was filed by trial counsel alleging in boilerplate form that the verdict was against the weight of the evidence, contrary to the law, and contrary to the evidence. The post-verdict motion also alleged five instances of trial counsel's ineffectiveness. None of these claims of ineffectiveness, however, concerned counsel's use of boilerplate challenges to the weight and sufficiency of the evidence. Because of the allegations of his own ineffectiveness, counsel was permitted to withdraw, and present counsel entered his appearance. An evidentiary hearing was held on the post-verdict motions so that new counsel could present evidence relating to trial counsel's alleged ineffectiveness.

---

1. Issues one and two were presented as a single issue in appellant's brief. We address them separately for greater clarity.

Trial counsel was not called to testify. Following the hearing, the trial court denied the post-verdict motions. Thereafter, appellant was sentenced to one to two years imprisonment on each charge of simple assault and five to ten years imprisonment on the charge of aggravated assault, into which the charge of recklessly endangering merged for sentencing purposes. All sentences were to run consecutively. The trial court denied appellant's motion to modify sentence, and this timely direct appeal followed.

 Appellant bases his first issue, whether trial counsel was ineffective for stating several potential grounds for post-verdict relief in boilerplate form, on a settled principle of law: Boilerplate attacks on a verdict are inadequate to preserve issues for appellate review. *Commonwealth v. Dougherty,* 351 Pa.Super. 603, 607, 506 A.2d 936, 938 (1986). This specific claim of ineffectiveness is raised for the first time on appeal. However, a claim of ineffectiveness must be raised at the earliest stage in the proceedings at which counsel whose effectiveness is being challenged no longer represents appellant. *Commonwealth v. Cargo,* 498 Pa. 5, 19, 444 A.2d 639, 646 (1982); *Commonwealth v. Seachrist,* 478 Pa. 621, 624, 387 A.2d 661, 663 (1978). Where, as here, new counsel enters his appearance at the post-verdict stage, he is required to raise, in the trial court, any claim of ineffectiveness on the part of trial counsel as a ground for post-verdict relief. *Commonwealth v. Cargo,* 498 Pa. at 19–20, 444 A.2d at 646–47; *Commonwealth v. Seachrist, supra.* Present counsel did not request permission to file post-trial motions *nunc pro tunc* on the basis that trial counsel had been ineffective for filing only boilerplate post-trial motions and did not raise with specificity in an amended post-trial motion appellant's challenges to the verdict.[2] Present counsel also failed to raise appellant's challenges to the verdict at the hearing on the post-trial

2. In its opinion denying appellant's post-verdict motions, the trial court noted that "at no time prior to the hearing [on the post-verdict motions] did [present counsel] file any amendments to [appellant's] original post-trial motions."

28

motions. The record in this case makes clear that present counsel had ample opportunity to bring to the attention of the trial court the alleged ineffectiveness of trial counsel in presenting appellant's challenges to the verdict in boiler-plate form. By not taking advantage of that opportunity, present counsel failed to raise that claim of trial counsel's ineffectiveness at the earliest stage in the proceedings at which appellant was no longer represented by trial counsel. Thus, appellant's first issue has not been preserved for our review.

Even if appellant's first issue were properly before us, the result would not favor appellant. Because the law presumes that counsel is effective, the burden of establishing ineffectiveness rests with appellant. *Commonwealth v. Floyd*, 506 Pa. 85, 90, 484 A.2d 365, 367 (1984); *Commonwealth v. McKendrick*, 356 Pa.Super. 64, 71, 514 A.2d 144, 148 (1986), *allo. denied*, 514 Pa. 629, 522 A.2d 558 (1987). To meet that burden, appellant must demonstrate that 1) the issue underlying his claim of ineffectiveness is of arguable merit; 2) the course chosen by counsel had no reasonable basis designed to serve his interests; and 3) he suffered prejudice as a result of counsel's ineffectiveness. *Commonwealth v. Pierce*, 515 Pa. 153, 158–160, 527 A.2d 973, 975–76 (1987); *Commonwealth v. Buehl*, 510 Pa. 363, 378–79, 508 A.2d 1167, 1174–75 (1986); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–5 & n. 8, 235 A.2d 349, 352–53 & n. 8 (1967). However, the record in this case shows that there is no merit to the underlying claims that the verdict was against the weight of the evidence, contrary to the law, and contrary to the evidence. *Commonwealth v. Griscavage*, 512 Pa. 540, 543, 517 A.2d 1256, 1257 (1986); *Commonwealth v. Dougherty*, 351 Pa.Super. at 610, 506 A.2d at 939.

Appellant's assertion that the evidence in support of the verdict consisted almost exclusively of the victim's

testimony is incorrect. Two disinterested witnesses testified with respect to the aggravated assault on July 3, 1986, that they saw a man of appellant's race and build beating a woman with a large object (N.T. at 55–61, 63–66).[3] An acquaintance of appellant testified that in a telephone conversation appellant responded to her question of "how could you do this to Denise, hit her over the head with a lead pipe," by saying "if I can't have her, then nobody will" (N.T. at 70). City of Erie police officers to whom the victim reported the assaults of June 28 and July 3 testified as to her injuries and her identification of appellant as the assailant (N.T. at 75–76, 82–83). In addition, a determination as to the relative credibility of the victim and the alleged assailant is within the sole province of the trier of fact, and we are not permitted to substitute our judgment for the factfinder's. *Commonwealth v. Jackson,* 506 Pa. 469, 475, 485 A.2d 1102, 1104–5 (1984).

 Appellant's assertion that the verdict of not guilty on the robbery charge is inconsistent with the verdict of guilty on the assault charges is, in light of the fact that the robbery charge was based on a separate incident, patently incorrect. Moreover, even if the verdicts were inconsistent, such inconsistency would not warrant a new trial. *Commonwealth v. Carter,* 444 Pa. 405, 408, 282 A.2d 375, 376 (1971). We conclude that appellant's claims concerning the verdict are without merit and therefore trial counsel could not be ineffective for failing to have preserved them for appellate review. *Commonwealth v. Jones,* 507 Pa. 580, 582 n. 2, 493 A.2d 662, 664 n. 2 (1985); *Commonwealth v. Dougherty,* 351 Pa.Super. at 608, 506 A.2d at 939.

Appellant's second issue is whether trial counsel was ineffective for failing to locate and call one Tina Barnett as an alibi witness on the assault charges. Based on *Commonwealth v. Peterkin,* 511 Pa. 299, 319, 513 A.2d 373, 383

---

**3.** "N.T." refers to the notes of testimony of appellant's trial on January 15, 1987.

(1986), and *Commonwealth v. Wade*, 501 Pa. 331, 333, 461 A.2d 613, 614 (1983), we conclude that the trial court has correctly decided that trial counsel was not ineffective for failing to locate and call the alleged alibi witness.

Appellant's third issue, whether the cumulative sentence of seven to fourteen years imprisonment was excessive, presents a challenge to the discretionary aspects of sentencing. Appellant cannot appeal from the discretionary aspects of his sentence as of right but must petition for permission to appeal. 42 Pa.C.S.A. § 9781. Although appellant has failed to comply with the requirement of Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 511–12, 522 A.2d 17, 18 (1987), that he include in his brief a separate statement, preceding the argument section, as to why this Court should exercise its discretionary jurisdiction to consider this appeal, the Commonwealth has waived this requirement by failing to object to appellant's non-compliance. *Commonwealth v. Krum*, 367 Pa.Super. 511, 519, 533 A.2d 134, 138 (1987); *Commonwealth v. Rumbaugh*, 365 Pa.Super. 388, 391–392, 529 A.2d 1112, 1114 (1987). We cannot grant appellant permission to appeal, however, unless we determine that the issue that he has raised presents a substantial question that the sentence is inappropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b). In *Commonwealth v. Losch*, 369 Pa.Super. 192, 201–202 n. 7, 535 A.2d 115, 119 n. 7 (1987), Judge Beck, writing for a unanimous panel of this Court, explained that

> What constitutes a "substantial question" under section 9781(b) must be evaluated on a case by case basis. However, we will be inclined to allow an appeal where an appellant advances a colorable argument that the trial judge's actions were: 1) inconsistent with a specific provision of the Sentencing Code; or 2) contrary to the fundamental norms which underlie the sentencing process.

Appellant's claim, as disclosed by our overview of his brief, is that the sentence imposed was excessive be-

cause the trial court failed to consider adequately several mitigating factors, including appellant's amenability to treatment for his drug problem and the willingness of appellant's brother to allow appellant to reside with him. If true, appellant's claim establishes a violation of section 9721(b) of the Sentencing Code, 42 Pa.C.S.A. § 9721(b), which directs that the sentence imposed should call for confinement that is consistent with, *inter alia*, the rehabilitative needs of the defendant. Thus, by advancing a colorable argument that the trial court's actions were inconsistent with a specific provision of the Sentencing Code, appellant has raised a substantial question that the sentence imposed was inappropriate under the Code. Accordingly, we grant appellant permission to appeal.

■■■ Our review of appellant's claim reveals, however, that it is without merit. We learn from the transcript of the sentencing hearing that the sentencing court considered appellant's character and rehabilitative needs (Transcript at 24) as well as the statements made to the court by appellant and his counsel (Transcript at 16). The court also noted the existence of numerous unfavorable factors, including the seriousness of the assaults, appellant's propensity for violence, his lack of remorse and refusal to accept responsibility for the offenses, and his rejection of available help during earlier periods on probation and parole (Transcript at 20–24). The court imposed a cumulative sentence of seven to fourteen years imprisonment after concluding that appellant requires long-term counseling, long-term educational and vocational training, and structured drug treatment in a setting of incarceration (Transcript at 24). Because appellant's claim that the sentencing court failed to give adequate consideration to mitigating factors has no basis in fact, we affirm the judgment of sentence.

Judgment of sentence affirmed.