J-S03018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY T. SAVAGE, JR. | |
| Appellant | No. 616 WDA 2016 |

Appeal from the Judgment of Sentence dated January 12, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014978-2010

BEFORE:  OLSON, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.:                      **FILED APRIL 13, 2017**

Appellant, Gregory T. Savage, Jr., appeals from a sentence imposed by the Court of Common Pleas of Allegheny County after he violated his probation by possessing a controlled substance with an intent to distribute it — a crime for which he was convicted in Armstrong County.  He contends that his revocation sentence of two to five years' imprisonment was excessive and unreasonable because the trial court (1) was biased against him, and (2) failed to consider factors mandated by the Sentencing Code. We affirm.

We state the facts as set forth by the trial court:

> On May 16, 2011, Appellant . . . pled guilty to one count of Delivery of Cocaine, one count of Possession of a Controlled

_____

[*] Retired Senior Judge assigned to the Superior Court.

Substance with Intent to Deliver ("PWID") and one count of Possession of a Controlled Substance, all after [a] prior conviction. This Court sentenced Appellant on the Delivery count to 15 to 30 months incarceration with 3 years of consecutive probation. On January 12, 2016, [t]his Court found Appellant to be a convicted violator of his conditions of probation and resentenced him to [a] period of incarceration of [2] to [5] years.

Trial Ct. Op., 8/23/16, at 1.[1] The trial court denied Appellant's post-sentence motion, and Appellant appealed. *Id.*

Appellant raises the following issue:

Was the two to five-year sentence of incarceration imposed manifestly excessive, unreasonable, and an abuse of discretion where the sentence was imposed out of personal frustration, bias, and ill-will towards [Appellant], rather than in contemplation of [Appellant's] rehabilitative needs and his nature and characteristics?

Appellant's Brief at 4.

"[A] challenge to the discretionary aspects of a sentence is not appealable as of right." *Commonwealth v. Colon*, 102 A.3d 1033, 1042 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015). Before we

---

[1] Appellant also was sentenced by the Armstrong County court to two to five years' incarceration for his PWID conviction there. As noted, it was that crime that resulted in the instant revocation sentence of two to five years' incarceration. Because the revocation sentence was made consecutive to the Armstrong County sentence, the trial court's opinion accurately noted that Appellant effectively received an "aggregate" sentence of four to ten years' imprisonment. *See* Trial Ct. Op., 8/23/16, at 2. *See also* Commonwealth's Brief at 4 n.2.

exercise jurisdiction to reach the merits of Appellant's claim, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Id.* at 1042-43. Only if the appeal satisfies each of these four requirements may we proceed to decide the substantive merits of Appellant's claim. *Id.* at 1043. Our review of the record discloses that Appellant has met the first three of these requirements, and we therefore turn to whether he has raised a substantial question regarding his sentence.

"A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***, 77 A.3d at 1263, 1268 (Pa. Super. 2013) (quotation marks and citation omitted). "[A] defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question." *Id.* at 1270. In the case at hand, we conclude Appellant has stated a substantial question,

- 3 -

except to the extent he baldly challenges the consecutive nature of his sentence. **See Colon**, 102 A.3d at 1042-43; **Dodge**, 77 A.3d at 1270.

In **Commonwealth v. Pasture**, 107 A.3d 21 (Pa. 2014), our Supreme Court set forth the following regarding revocation sentences:

> [C]ontrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721. **See Commonwealth v. Reaves**, 592 Pa. 134, 150, 923 A.2d 1119, 1129 (2007) (citing 204 Pa.Code. § 303.1(b) (Sentencing Guidelines do not apply to sentences imposed as result of revocation of probation)).

> Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:

> (1) the defendant has been convicted of another crime; or

> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

> (3) such a sentence is essential to vindicate the authority of the court.

> 42 Pa.C.S. § 9771(c).

> Moreover, 42 Pa.C.S. § 9721(b) specifies that in every case following the revocation of probation, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." **See also** Pa.R.Crim.P. 708(C)(2) (indicating

at the time of sentence following the revocation of probation, "the judge shall state on the record the reasons for the sentence imposed.").

However, following revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant . . . .

*Pasture*, 107 A.3d at 27-28 (brackets and footnote omitted).

After a careful review of the record, the parties' briefs, and the trial court's decision, we affirm on the basis of the decision of the Honorable Jill E. Rangos. *See* Trial Ct. Op. at 5-6 (holding Appellant's subsequent conviction for PWID while on probation, his absconding from police, and his background as a drug dealer justified revocation sentence of incarceration).[2] Accordingly, we affirm the judgment of sentence. The parties are instructed to include a copy of the trial court's August 23, 2016 opinion to any filing referencing this decision.

Judgment of sentence affirmed.

_____

[2] We do not adopt the trial court's statement that it imposed a sentence of four to ten years' incarceration. For the reasons noted in footnote 1 of this memorandum, that statement is imprecise and potentially confusing. The sentence imposed by the trial court was two to five years' incarceration.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/13/2017</u>

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

COMMONWEALTH OF PENNSYLVANIA

v.

GREGORY SAVAGE

Appeal of:

GREGORY SAVAGE,

Appellant

CRIMINAL DIVISION,

**CC No. 201014978**

**OPINION**

Honorable Jill E. Rangos
Room 533
436 Grant Street
Pittsburgh, PA 15219

Copies to:

Stephanie Noel
Office of the Public Defender
400 County Office Building
542 Forbes Avenue
Pittsburgh, PA  15219-2904

Michael Streily
Office of the District Attorney
401 County Courthouse
436 Grant St.
Pittsburgh, PA  15219

FILED
16 AUG 23  PM 2: 21

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA      CRIMINAL DIVISION

v.                                      **CC No. 201014978**

GREGORY SAVAGE

Appeal of:

GREGORY SAVAGE
Appellant

## OPINION

**RANGOS, J.**                                              **August 23, 2016**

On May 16, 2011, Appellant, Gregory Savage, pled guilty to one count of Delivery of Cocaine, one count of Possession of a Controlled Substance with Intent to Deliver ("PWID") and one count of Possession of a Controlled Substance, all after prior conviction. This Court sentenced Appellant on the Delivery count to 15 to 30 months incarceration with 3 years of consecutive probation. On January 12, 2016, This Court found Appellant to be a convicted violator of his conditions of probation and resentenced him to an aggregate period of incarceration of 4 to 10 years. Appellant's Post Sentence Motion was denied on February 11, 2016. Appellant filed a Notice of Appeal on April 29, 2016[1] and a Concise Statement of Errors Complained Of on May 20, 2016.

## MATTERS COMPLAINED OF ON APPEAL

Appellant asserts that the Court erred in imposing a sentence of confinement for a period of 4 to 10 years as it was manifestly excessive, unreasonable and an abuse of discretion, as well as contrary

---

[1] Appellant filed both the Post-Sentence Motion and the Notice of Appeal late and this Court accepted them *nunc pro tunc.*

2

to the Sentencing Code and the fundamental norms underlying the sentencing process. Appellant alleges that this Court failed to consider Appellant's personal character, background and rehabilitative needs in sentencing him consecutively to a sentence in another county. (Statement of Matters Complained of on Appeal, p. 3-4).

## DISCUSSION

Appellant challenges the validity of his resentencing following a violation of probation under 42 Pa.C.S. § 9771, which states:

§ 9771. Modification or revocation of order of probation

(a) **General rule.**--The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.

(b) **Revocation.**--The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

(c) **Limitation on sentence of total confinement.**--The court shall not impose a sentence of total confinement upon revocation unless it finds that:
 (1) the defendant has been convicted of another crime; or
 (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
 (3) such a sentence is essential to vindicate the authority of the court.

(d) **Hearing required.**--There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation. Probation may be eliminated or the term decreased without a hearing.

42 Pa.C.S. § 9771.

Appellant alleges this Court failed to consider statutory sentencing factors, which is a challenge to the discretionary aspects of his sentence. *Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa.Super. 2012). "[T]here is no absolute right to appeal when challenging the discretionary aspect of a sentence."

3

*Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super.2010); 42 Pa.C.S. § 9781(b). An "[a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." *Crump*, at 1282. The determination of whether a particular issue constitutes a "substantial question" can only be evaluated on a case by case basis. *Commonwealth v. House*, 537 A.2d 361, 364 (Pa.Super. 1988). It is appropriate to allow an appeal "where an appellant advances a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Losch*, 535 A.2d 115, 119-120 n. 7 (Pa.Super. 1987).

> An allegation that a sentencing court "failed to consider" or "did not adequately consider" certain factors does not raise a substantial question that the sentence was inappropriate. *Commonwealth v. McKiel.* 427 Pa.Super. 561, 629 A.2d 1012 (1993); *Commonwealth v. Williams*, 386 Pa.Super. 322, 562 A.2d 1385 (1989) *(en banc)*. Such a challenge goes to the weight accorded the evidence and will not be considered absent extraordinary circumstances. *McKiel*, 427 Pa.Super. at 564, 629 A.2d at 1013.

*Commonwealth v. Urrutia*, 653 A.2d 706, 710 (Pa.Super. 1995). Therefore, Appellant's allegation of error, that this Court failed to adequately apply all of the required sentencing factors, does not raise a substantial question for appellate review. Moreover, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question. *See Commonwealth v. Moury*, 992 A.2d 162, 171–172 (Pa.Super.2010). However, in an abundance of caution, will address the merits of Appellant's claim.

The standard of review with respect to sentencing is whether the sentencing court abused its discretion. *Commonwealth v. Smith*, 673 A.2d 893, 895 (Pa. 1996). A court will not have abused its discretion unless "the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Id.* It is not an abuse of discretion if the appellate court may have reached a different conclusion. *Grady v. Frito-Lay, Inc.,* 613 A.2d 1038, 1046 (Pa. 2003). Furthermore, at resentencing the Sentencing Guidelines do not apply.

4

[C]ontrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721. *See Commonwealth v. Reaves*, 592 Pa. 134, 150, 923 A.2d 1119, 1129 (2007) (citing 204 Pa.Code. § 303.1(b) (Sentencing Guidelines do not apply to sentences imposed as result of revocation of probation)).

*Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014).

Under 42 Pa.C.S. § 9771(c), a court may sentence a defendant to total confinement subsequent to revocation of probation if any of the following conditions exist: (1) the defendant has been convicted of another crime; (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of this court. *See Commonwealth v. Coolbaugh*, 770 A.2d 788 (Pa.Super.2001). A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender. *Commonwealth v. Malovich*, 903 A.2d 1247 (Pa.Super.2006). In addition, the resentencing court is giving great discretion and is bound only by the statutory maximum.

We emphasize a trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him. *See Reaves*, 592 Pa. at 138 n. 5, 923 A.2d at 1122 n. 5. In point of fact, where the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the appropriate deferential standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion.

*Pasture, supra, at* 28-29.

At the time of his original plea, on September 18, 2012, Appellant had a 5 Prior Record Score ("PRS") and was on State parole for a prior drug conviction. Nevertheless, this Court, sentenced Appellant to a term of 15 to 30 months, a sentence in the mitigated range of the Sentencing Guidelines.

5

Upon revocation, this Court imposed a standard range sentence, which carries its own presumption of reasonability. *Commonwealth v. Walls*, 926 A.2d 957, 964-965 (Pa. 2007).

Appellant violated his probation with a new conviction in Armstrong County of PWID one pound of cocaine and PWID heroin for no further penalty. (Transcript of Probation Violation Hearing on January 12, 2016, hereinafter VT, at 2) He also was on run for a period of time. *Id.* Appellant argued at his violation hearing that the Armstrong conviction for PWID of one pound of cocaine and also heroin was really for personal use exclusively, yet the probation officer testified that Appellant did not test positive for any illegal substances during the course of his supervision. (VT 7-8) Contrary to Appellant's assertion, this Court considered Appellant's character and background and determined that Appellant is a drug dealer who refuses to comply with the reasonable rules of society, specifically as they pertain to the possession and selling of illegal substances. Thus, this Court did not err in sentencing him to a period of 4 to 10 years.

## CONCLUSION

For all of the above reasons, no reversible error occurred and the findings and rulings of this Court should be AFFIRMED.

BY THE COURT:

Jill E. Rangos ___ J.

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this OPINION was mailed to the following individuals by first class mail, postage prepaid on the 23rd day of August 2016.

Stephanie Noel
Office of the Public Defender
400 County Office Building
542 Forbes Avenue
Pittsburgh, PA 15219-2904

Michael Streily
Office of the District Attorney
401 County Courthouse
Pittsburgh, PA 15219

_____
James J. Robertson, Law clerk for Jill E. Rangos

7