529 A.2d 13

**COMMONWEALTH of Pennsylvania**

v.

**Derek GREEN, Appellant.**

Superior Court of Pennsylvania.

Submitted May 4, 1987.

Filed July 30, 1987.

Martha Aleo, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

WIEAND, Judge:

Derek Green was tried by jury and was found guilty of robbery, criminal conspiracy, and possession of an instrument of crime because of his participation in a holdup of a bar at 18th and Callowhill Streets, Philadelphia, on January

4, 1974. Post-trial motions were denied, and a sentence of imprisonment was imposed. On direct appeal, the Superior Court affirmed. *Commonwealth v. Green,* 264 Pa.Super. 472, 400 A.2d 182 (1979). A petition for allocatur was denied by the Supreme Court.

A P.C.H.A. petition was filed on May 1, 1980, but this petition was subsequently withdrawn. A second P.C.H.A. petition was filed on March 2, 1984. In this second petition, Green alleged that his state and federal speedy trial rights had been violated. Counsel was appointed and filed a brief. However, the P.C.H.A. court denied the petition without a hearing. This appeal followed.

On direct appeal from the judgment of sentence, Green conceded that he had waived the provisions of Pa.R.Crim.P. 1100 but argued that his rights had nonetheless been violated by the granting of an open-ended continuance. This argument was rejected because Green's admitted waiver of Rule 1100 was for an *indefinite* period of time.[1] Moreover, the Court observed, Green had never filed an application to have the charges dismissed. Appellant now argues that he is entitled to an evidentiary hearing to determine whether trial counsel rendered ineffective assistance because he failed to argue on direct appeal that Green's Sixth Amendment right to a speedy trial had been violated.

■ Although Rule 1100 was designed to implement the constitutional right to a speedy trial, the Sixth Amendment may, nevertheless, "provide a separate basis for asserting a claim of undue delay in appropriate cases." *Jones v. Commonwealth,* 495 Pa. 490, 499, 434 A.2d 1197, 1201 (1981). In general, however, the time constraints of Rule 1100 are more demanding and impose upon the Commonwealth stricter time requirements than those judicial decisions interpreting the speedy trial guarantee contained in the Sixth

1. Green had appeared in open court, with counsel, on August 14, 1974, and had executed a Rule 1100 waiver for several criminal prosecutions, including the instant matter, in order that pending homicide charges could first be tried. This waiver was reviewed in another appeal and was found to be voluntary, informed, and valid. *Commonwealth v. Green,* 503 Pa. 278, 469 A.2d 552 (1983).

Amendment of the Constitution of the United States. See, e.g., *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972). Thus, where a criminal defendant has validly waived his speedy trial rights under Rule 1100 for an indefinite period, his counsel will not be deemed ineffective for failing to argue that his speedy trial rights under the Sixth Amendment were nevertheless violated.

Appellant asks for the first time on appeal that we remand for an evidentiary hearing to determine whether the Commonwealth's peremptory challenges were exercised in a racially discriminatory manner under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).[2] We decline to do so. The issue of possible discrimination in the Commonwealth's exercise of its peremptory challenges was argued by appellant on direct appeal, but this Court, in reliance upon *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), rejected the argument because there had not been a showing that blacks had been systematically excluded from the jury selection process.

In *Batson*, the United States Supreme Court re-examined the rule announced in *Swain v. Alabama, supra,* and held that in the future a case of discrimination could be established by showing the circumstances surrounding the prosecutor's exercise of peremptory challenges at defendant's trial. To make out a prima facie case, the defendant was required to show that he was a member of a cognizable racial group and that the prosecution had used peremptory challenges to remove from the venire members of the defendant's race. When other circumstances were present, they, too, were to be considered in determining whether

2. This issue was not raised in appellant's P.C.H.A. petition and was not considered by the court below. As a general rule, an appellate court will not entertain for the first time on appeal an issue not first raised in the trial court. See: *Commonwealth v. Capitolo*, 508 Pa. 372, 498 A.2d 806 (1985); *Commonwealth v. Isabell*, 503 Pa. 2, 467 A.2d 1287 (1983); *Commonwealth v. Albert*, 335 Pa.Super. 424, 484 A.2d 775 (1984). We consider this issue in the interests of judicial economy in order to avoid the need for an additional P.C.H.A. petition. Consideration can be given to this issue without prejudice to the parties, for both have argued the issue in their briefs.

prospective jurors had been excused solely because of their race in violation of the Sixth Amendment.

In *Allen v. Hardy,* —— U.S. ——, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986), the Supreme Court held that its decision in *Batson* was not to be given retroactive application in collateral proceedings attacking convictions which had become final before *Batson* was decided.

In *Commonwealth v. McCormick,* 359 Pa.Super. 461, 519 A.2d 442 (1986), a panel of this Court distinguished the holding of *Allen v. Hardy, supra,* and held that *Batson* would nevertheless be applied in considering direct appeals from convictions which had not become final at the time *Batson* was decided.

■ The present case cannot be distinguished factually from *Allen v. Hardy, supra.* We hold, therefore, that the decision in *Batson* will not be applied retroactively where, as here, appellant's conviction had become final before *Batson* was decided and is being attacked in collateral proceedings. Indeed, in this case, the same issue of discriminatory use of peremptory challenges by the Commonwealth was raised on direct appeal and was decided adversely to appellant. We will not, pursuant to a request for collateral review, re-open the same issue in order to reconsider our prior decision in light of subsequent developments in the law as pronounced by the Supreme Court in *Batson.*

Our decision is consistent with decisions of the Supreme Court of Pennsylvania which mandate that new developments in the law are not to be applied retroactively in collateral proceedings attacking convictions which became final before the change occurred. See: *Commonwealth v. Harper,* 512 Pa. 155, 516 A.2d 319 (1986); *Commonwealth v. Cabeza,* 503 Pa. 228, 469 A.2d 146 (1983); *Commonwealth v. Geschwendt,* 500 Pa. 120, 454 A.2d 991 (1982). In the instant case, therefore, we will not remand for an evidentiary hearing to determine whether peremptory chal-

lenges were exercised by the Commonwealth in violation of *Batson v. Kentucky, supra.*

The order denying P.C.H.A. relief is affirmed.