582 A.2d 1119

COMMONWEALTH of Pennsylvania

v.

**Frank Earl SENK, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 17, 1990.

Filed Dec. 4, 1990.

628

Frank Earl Senk, pro se.

Andrea F. McKenna, Deputy Atty. Gen., Harrisburg, for Com., appellee.

Before OLSZEWSKI, KELLY and BROSKY, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order of the Court of Common Pleas of Columbia County dismissing appellant's fourth petition seeking post-conviction relief. Appellant's fourth petition was filed *pro se.* In it, appellant alleges ineffective assistance of counsel on his third petition seeking post-conviction relief, claiming that counsel failed to specifically seek the retroactive application of *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), to the jury instruction in question. The trial court dismissed the fourth petition upon finding that the issue had been raised and litigated in appellant's third post-conviction petition and that the fourth petition raised no new issues of law. We agree and affirm the order of the trial court.

Appellant was convicted of first-degree murder on April 4, 1962, and sentenced to death. The judgment of sentence

was affirmed by our Supreme Court in *Commonwealth v. Senk,* 412 Pa. 184, 194 A.2d 221 (1963).[1]

*Certiorari* was granted by the United States Supreme Court and, in *Senk v. Pennsylvania,* 378 U.S. 562, 84 S.Ct. 1928, 12 L.Ed.2d 1039 (1964), the case was remanded for further proceedings on the question of the voluntariness of appellant's confession in accordance with *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). On remand, the trial court determined that appellant's confession was voluntary under the *Jackson–Denno* standard. Our Supreme Court affirmed the trial court. *Commonwealth v. Senk,* 423 Pa. 129, 223 A.2d 97 (1964), *cert. denied,* 387 U.S. 914, 87 S.Ct. 1694, 18 L.Ed.2d 638 (1967).

After numerous subsequent collateral attacks and appeals over the last 28 years, appellant's conviction remains intact. As stated, the present appeal is from the trial court's dismissal of appellant's fourth post-conviction relief petition.

■ Appellant first contends that he was denied effective assistance of counsel on his third petition under the Post–Conviction Hearing Act (PCHA), 42 Pa.C.S. §§ 9541–9551 (Purdon 1982) (repealed 1988).[2] Appellant alleges that counsel was ineffective for failing to seek the retroactive application of *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) to an alleged unconstitutional jury instruction. We reject appellant's claim.

■ To be eligible for relief under the Post–Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.,* the petitioner must plead and prove by a preponderance of the evidence, *inter alia,* that the allegation of error has not been previously litigated. 42 Pa.C.S. § 9543(a)(3). Section 9544(a)(3)

**1.** Our Supreme Court subsequently vacated the death sentence and imposed a sentence of life imprisonment. *Commonwealth v. Senk,* 449 Pa. 626, 296 A.2d 526 (1972). The sentence of death was vacated in conformance with *Commonwealth v. Bradley,* 449 Pa. 19, 295 A.2d 842 (1972), wherein the death penalty statute, 18 P.S. § 4701, was held unconstitutional.

**2.** Appellant's fourth petition was filed *pro se* under the Post–Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.*

630

provides that an issue has been previously litigated if it has been raised and decided in a proceeding collaterally attacking the conviction or sentence.

As the trial court has indicated in its order which is the subject of this appeal, the issue of the retroactive application of *Sandstrom v. Montana* was previously litigated by appellant's counsel on his third petition for post-conviction relief and on appeal of its dismissal. Upon review of the record, we find this to be true and the lower court's order thus supported.[3] Therefore, appellant cannot relitigate this same issue in a subsequent petition.

Additionally, the fact that this is an appeal from the dismissal of appellant's fourth petition for post-conviction relief must be addressed. Our Supreme Court in *Commonwealth v. Lawson*, 519 Pa. 504, 549 A.2d 107, (1988) held, in the context of the PCHA:

We therefore conclude that a second or any subsequent post-conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred.

*Id.* 549 A.2d at 112.

In *Commonwealth v. Blackwell*, 384 Pa.Super. 251, 558 A.2d 107 (1989), we applied the *Lawson* standard to petitions filed under the PCRA. Therefore, applying this standard to the facts of the present case, we find appellant's fourth petition to have been properly denied. Appellant's fourth petition asserts the ineffective assistance of counsel on his third petition for failing to raise the retroactive application of the *Sandstrom* case. This claim is without

3. The retroactive application of *Sandstrom* in terms of a Sixth Amendment violation was an issue raised in both appellant's third PCHA petition and third federal petition for a writ of *habeas corpus*. Appellant calls our attention to *Senk v. Zimmerman*, 886 F.2d 611, 615 n. 5 (3d Cir.1989) in support of his allegation that the retroactive application of *Sandstrom* has never been argued. Appellant's examination of the Third Circuit opinion is flawed, however, because the Third Circuit observed only that the appellant has never argued that *Sandstrom* should be applied retroactively to remedy a *due process* violation. Accordingly, the Third Circuit was confined to considering the retroactive application of *Sandstrom* in terms of a Sixth Amendment violation, as appellant had previously litigated that issue.

merit because, as discussed above, appellant's counsel on the third petition *did* litigate that issue. Therefore, appellant's claim of ineffective assistance of counsel is factually inaccurate.[4] Accordingly, as appellant's claim with respect to the *Sandstrom* case was actually litigated, no miscarriage of justice could have occurred which would now warrant the entertainment of appellant's fourth application for post-conviction relief.

■ Appellant also argues that he was denied due process at trial and now argues that *Sandstrom* should be applied retroactively to remedy the violation. We find this issue to have been waived. The Post Conviction Relief Act provides that an issue is waived "if the petitioner failed to raise it and if it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or other proceeding actually conducted or in a prior proceeding actually initiated under this subchapter." 42 Pa.C.S. § 9544(b). Because appellant has never raised this issue until now, we hold that it has been waived.

Accordingly, the order of the trial court denying appellant's fourth post-conviction relief petition is affirmed.

---

4. 42 Pa.C.S. § 9543(a)(2)(ii) requires that a petitioner seeking relief on a claim of ineffective assistance of counsel must plead and prove that counsel's stewardship "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Because appellant's claim of ineffective assistance of counsel is factually erroneous, we find no occasion to pursue that claim any further.