595 A.2d 1229

**COMMONWEALTH of Pennsylvania**

v.

**John P. LASKARIS, Appellant.**

Superior Court of Pennsylvania.

Submitted May 28, 1991.

Filed Aug. 5, 1991.

Victor H. Pribanic, McKeesport, for appellant.

Kenneth A. Zak, Asst. Dist. Atty., Erie, for Com., appellee.

Before POPOVICH, JOHNSON and HOFFMAN, JJ.

JOHNSON, Judge:

John P. Laskaris appeals from the Order dismissing his Post Conviction Relief Act (PCRA) petition without a hearing. We affirm.

On March 9, 1981, a criminal complaint was filed against Laskaris charging him with Criminal Attempt, Robbery, Conspiracy and Theft by Receiving Stolen Property concerning events that occurred on October 1 or 2, 1979. However, the police were unable to arrest Laskaris because Laskaris was incarcerated on unrelated charges in West Virginia at

that time. On October 7, 1981, Laskaris was extradited to Erie County, Pennsylvania and charged with the additional offenses of Crimes Committed with Firearms and Theft by Unlawful Taking. The additional charges were filed against Laskaris at least two years and 5 days after the crimes had been committed. In the indictment charging Laskaris with Crimes Committed with Firearms and Theft by Unlawful Taking, the Commonwealth did not provide Laskaris with notice of its intent to toll the statute of limitations on the basis that Laskaris was continuously absent from the Commonwealth.

A jury trial was held on May 20, 1982. Following trial, the jurors were unable to reach a decision; thus, the trial resulted in a hung jury. A second jury trial was held on July 12, 1982 after which Laskaris was convicted of Attempted Robbery, Crimes Committed with Firearms, Theft by Receiving Stolen Property and Conspiracy. The charge of Theft by Unlawful Taking had been withdrawn. Post Trial Motions were filed and denied. Laskaris was sentenced to 5–10 years' incarceration for Attempted Robbery. He was also sentenced to two consecutive terms of $2\frac{1}{2}$ to 5 years' incarceration for Crimes Committed with Firearms and Theft by Receiving Stolen Property. No additional sentence was imposed for Conspiracy.

A direct appeal followed in which we affirmed the judgment of sentence entered against Laskaris. *Commonwealth v. Laskaris*, 341 Pa.Super. 616, 491 A.2d 919 (1985) (Table). Petitions for reargument and allocatur were subsequently filed and denied. Laskaris filed a Post Conviction Hearing Act (PCHA) petition on December 9, 1987. An amended petition was filed on April 5, 1988 which was denied on May 17, 1988. We affirmed the order denying Laskaris's PCHA petition in *Commonwealth v. Laskaris*, 388 Pa.Super. 663, 560 A.2d 239 (1989) (Table). Laskaris then filed a *pro se* PCRA petition styled "Petition for Correction of Sentence" on July 19, 1990 which was denied on January 25, 1991. This appeal follows.

■ When reviewing the grant or denial of a petition for post conviction relief we are limited to determining whether the lower court's findings are supported by the record and its order is otherwise free of legal error. *See Commonwealth v. Nelson*, 393 Pa.Super. 611, 574 A.2d 1107 (1990). Preliminarily, our review of Laskaris's claims is governed by the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9543, which provides the criteria for determining an individual's eligibility for relief.

With the requirements of the PCRA in mind, we examine the issues that Laskaris has raised on appeal. Laskaris contends that the trial court erred in dismissing his second petition for post conviction relief on the basis that: 1) due process is violated where he was not notified that his petition would be dismissed without a hearing; 2) prosecution for the instant offense of Crimes Committed with Firearms was barred by the statute of limitations; 3) he had not waived his right to review the statute of limitations issue because counsel was ineffective for failing to raise it, and 4) remand is necessary because the trial court refused to address the statute of limitations issue where Laskaris had alleged counsel's ineffectiveness.

All of Laskaris's claims are based upon the premise that the Commonwealth did not notify him prior to trial that they intended to toll the statute of limitations with regard to the offense of Crimes Committed with Firearms. Thus, Laskaris argues that they cannot utilize the exception allowing prosecution after the statute has run where an individual has been absent from the Commonwealth. *See* 42 Pa.C.S. § 5554(1).

■ Laskaris has not alleged any claim that satisfies the criteria of the PCRA, 42 Pa.C.S. § 9543. He alleges a due process violation but he does not allege that that violation "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *See* 42 Pa.C.S. § 9543(a)(2)(i). He alleges ineffectiveness of counsel, but again he does not allege facts to show that the ineffectiveness "so undermined the truth

determining process that no reliable adjudication of guilt or innocence could have taken place." *See* 42 Pa.C.S. § 9543(a)(2)(ii). Further, even if he did meet the eligibility criteria outlined in § 9543(a)(2), and it was determined that the statute of limitations issue had not been previously litigated pursuant to § 9543(a)(3), we would conclude that the issue had been waived.

■ In proceedings under the PCRA, waiver is governed by § 9544(b), which provides as follows:

> (b) Issues waived.—For the purposes of this subchapter, an issue is waived if the petitioner failed to raise it and if it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or other proceeding actually conducted or in a prior proceeding or other proceeding actually conducted or in a prior proceeding actually initiated under this subchapter.

In this case Laskaris filed a direct appeal of his sentence to this court. We affirmed the judgment of sentence. Laskaris's petitions for reargument and allocatur were subsequently filed and denied. He then filed a petition for post conviction relief which was denied. We affirmed the denial of his first PCHA petition. Thus, Laskaris has had ample opportunity to have his case fully reviewed and addressed. All other claims are waived.

■ Additionally, our Supreme Court in *Commonwealth v. Lawson,* 519 Pa. 504, 549 A.2d 107 (1988), held that a second or any subsequent petition for post-conviction relief will not be entertained "unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." *Id.,* 519 Pa. at 513, 549 A.2d at 112; *see also Commonwealth v. Blackwell,* 384 Pa.Super. 251, 558 A.2d 107 (1989) (applying *Lawson* standard of review to second or subsequent petitions filed under the PCRA). This standard is met if the petitioner can demonstrate either: (a) that the proceedings resulting in his conviction were so unfair that a miscarriage of justice occurred which no civilized society can tolerate or (b) that he is innocent of the criminal charges. *See Lawson, supra.*

We are satisfied that, under our rules, we have provided ample safeguards to assure that persons convicted of a crime are provided ample opportunity to assert a legitimate complaint. *Id.* Laskaris has taken full advantage of these safeguards; he has not convinced us that he is eligible for PCRA relief.

■ Moreover, Laskaris has not demonstrated that the proceedings resulting in his conviction were so unfair that a miscarriage of justice occurred. He alleges in his brief that he was innocent of the crimes charged. However, he has not set forth facts in his petition which, if proven upon proper hearing, would demonstrate his innocence. Hence, our review of the record reveals that the trial court correctly refused to entertain Laskaris's second petition for post conviction relief.

■ Were we to review the claims Laskaris raises here we would conclude that the claims were meritless. Laskaris contends that he was prosecuted in violation of 42 Pa.C.S § 5552(a) concerning the limitation of prosecution for criminal offenses. We disagree.

In the present case, the record reveals that Laskaris was improperly charged with Crimes Committed with Firearms at least two years and five days after the crimes were committed. *See* 42 Pa.C.S. § 5552(a). Prior to trial the Commonwealth did not allege in the indictment that it intended to toll the statute on the basis that Laskaris was continuously absent from the Commonwealth. *See* 42 Pa. C.S. § 5554(1).

In general, a prosecution for an offense must be commenced within two years after it is committed. 42 Pa.C.S. § 5552(a). Tolling of the statute is governed by 42 Pa.C.S. § 5554 as follows:

[t]he period of limitation does not run during any time when:

(1) the accused is continuously absent from this Commonwealth or has no reasonably ascertainable place of abode or work within this Commonwealth.

The cases suggest that the Commonwealth may not prosecute an individual after the time prescribed by law, based upon the fact that the accused is absent from the Commonwealth, without first notifying the accused of its intention to prosecute him pursuant to § 5554. As we held in *Commonwealth v. Bender*, 251 Pa.Super. 454, 459, 380 A.2d 868, 870 (1977):

> Where the Commonwealth seeks to toll the statute of limitations by establishing one of the enumerated exceptions, it must allege the exception in the indictment. The purpose of this rule is 'to apprise the defendant that he must defend not only against the crime itself but also against the limitation of prosecution.'

Although the cases suggest that notice should be provided to the accused, notice may be waived where there is no prejudice to the defendant. *See Commonwealth v. Stockard*, 489 Pa. 209, 217–218, 413 A.2d 1088, 1092 (1980). We are unable to conclude that Laskaris has been prejudiced by the Commonwealth's failure to provide him with notice.

After reviewing the record we conclude that the trial court's decision to deny Laskaris's petition for post conviction relief is supported by the record. Accordingly, we affirm the order dismissing Laskaris's petition without a hearing.

Order affirmed.

HOFFMAN, J., concurs in the result.