J-S64022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE COBBS, | |
| Appellant | No. 423 WDA 2014 |

Appeal from the Order of January 29, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0002915-1979
CP-02-CR-0003639-1978
CP-02-CR-0003663-1978
CP-02-CR-0003664-1978

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED NOVEMBER 06, 2014**

Appellant, George Cobbs, appeals *pro se* from the order denying his July 13, 2013 petition, titled "Petition for Writ of *Habeas Corpus Ad Subjiciendum*."  We affirm.

On June 13, 1979, at the conclusion of a jury trial, Appellant was convicted of two counts of first-degree murder, three counts of robbery, one count of aggravated assault, and two firearms violations.  On January 3, 1980, he was sentenced to, *inter alia*, two terms of life imprisonment.  No direct appeal was taken from the judgment of sentence.

On October 4, 1988, Appellant filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541 - 9546.  Appellant was

appointed counsel. A hearing was held on December 21, 1988. Following the hearing, the court reinstated Appellant's right to an appeal *nunc pro tunc*, and his right to file post-sentence motions. Subsequently, post-sentence motions were filed; they were denied on July 21, 1995. Appellant filed a direct appeal *nunc pro tunc*, and this Court affirmed Appellant's judgment of sentence on July 30, 1996. *See Commonwealth v. Cobbs*, 685 A.2d 207 (Pa. Super. 1996) (unpublished memorandum). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on May 21, 1998. *See Commonwealth v. Cobbs*, 719 A.2d 744 (Pa. 1998).

Appellant filed a second *pro se* PCRA petition on December 23, 1998. Counsel was appointed and subsequently filed a motion to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 479 A.2d 568 (Pa. Super. 1984). The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss on November 9, 1999, and Appellant responded on November 30, 1999. The petition was dismissed on December 7, 1999. Appellant filed a timely direct appeal. On appeal, this Court concluded that PCRA counsel's *Turner-Finley* letter was deficient and remanded for the appointment of new counsel. *See Commonwealth v. Cobbs*, 796 A.2d 1201 (Pa. Super. 2000) (unpublished memorandum). New counsel was appointed, and filed a *Turner-Finley* letter on May 21, 2001.

- 2 -

The PCRA court issued a notice of intent to dismiss on January 25, 2002, and Appellant responded on February 6, 2002. The petition was dismissed on February 25, 2002. Appellant filed a timely appeal. This Court affirmed the dismissal of Appellant's PCRA petition on March 26, 2003. **See Commonwealth v. Cobbs**, 823 A.2d 1023 (Pa. Super. 2003) (unpublished memorandum). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on September 23, 2003. **See Commonwealth v. Cobbs**, 833 A.2d 1023 (Pa. 2003).

Appellant filed the instant *pro se* petition on July 16, 2013. The court issued a Rule 907 notice of intent to dismiss on September 24, 2013. Appellant filed an objection, but the court dismissed Appellant's petition on January 29, 2014. Appellant filed a timely *pro se* notice of appeal, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant now presents the following question for our review:

> Did the common pleas court abuse its discretion in disregarding the violation of 42 Pa.C.S. § 6505 presented in a writ of *habeas corpus ad subjiciendum* and err in considering the foregoing claims cognizable under 42 Pa.C.S. [§] 945[1]-46?

Appellant's brief at 7.

Appellant primarily contends that the court erred by treating his petition for writ of *habeas corpus* as a petition for relief under the PCRA. We disagree. As this Court has explained:

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542;

- 3 -

*Commonwealth v. Haun*, 613 Pa. 97, 32 A.3d 697 (2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* [*Commonwealth v.*] *Fahy*, [737 A.2d 214,] 223–224 [(Pa. 1999)]; *Commonwealth v. Chester*, 557 Pa. 358, 733 A.2d 1242 (1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. *See Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638 (1998); *see also Commonwealth v. Deaner*, 779 A.2d 578 (Pa. Super. 2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*

*Commonwealth v. Taylor*, 65 A.3d 462, 465-466 (Pa. Super. 2013).

In his petition, Appellant challenged the propriety of the Commonwealth's re-filing of criminal informations.[1] The exact nature of Appellant's claim is not clear. However, it appears that the claim implicates the legality of Appellant's conviction, and, consequently, his sentence; or it is an allegation that his constitutional right to due process was violated. In either case, such a claim would be cognizable under the PCRA. *See Commonwealth v. Hockenberry*, 689 A.2d 283, 288 (Pa. Super. 1997) (stating that the legality of sentence is a cognizable issue under the PCRA);

_____

[1] In his brief, Appellant claims the re-filing of charges "was used to back-door a different set of robbery charges … knowing that those charges would have been prohibited," and, as such, it was "substantially prejudicial and cannot stand as the legal basis of [A]ppellant's imprisonment." Appellant's brief at 4. In addition, he alleges: "Regardless of the prejudice mounted … [this] violation cannot operate as the legal basis for the taking of one's liberty as it has been here." *Id*. As such, Appellant appears to believe that this alleged due process violation undermined the truth-determining process so that no reliable adjudication of guilt or innocence could have taken place.

*Commonwealth v. Laskaris*, 595 A.2d 1229, 1231 (Pa. Super. 1991) (suggesting where a petitioner alleges a due process violation which so "undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place," such a claim would be cognizable under the PCRA). Therefore, Appellant's *habeas corpus* petition constitutes a PCRA petition.

Before we may address any of Appellant's claims, we must assess the timeliness of his petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); *Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding the Superior Court lacks jurisdiction to reach merits of an appeal from an untimely PCRA petition).

Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b) applies. That section states, in relevant part:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on May 21, 1998. Thus, Appellant's judgment of sentence became final 90 days thereafter, or on August 19, 1998. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Consequently, Appellant had until August 19, 1999, to file a timely PCRA petition. He did not file the instant petition until July 16, 2013. Appellant was required to plead and

prove in his PCRA petition that one of the above-stated exceptions applied to his claim(s). Appellant did not plead an exception to the PCRA time-bar in his petition, and so his PCRA petition was untimely filed. Accordingly, we conclude that the court did not err in denying it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2014