J-S50026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEAN C. PAGAN-ROSARIO, | : | |
| | : | |
| Appellant | : | No. 220 WDA 2014 |

Appeal from the PCRA Order Entered November 13, 2013,
In the Court of Common Pleas of Erie County,
Criminal Division, at No. CP-25-CR-0003329-2011.

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN and ALLEN, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED OCTOBER 06, 2014**

Appellant, Jean C. Pagan-Rosario, appeals from the order denying his second timely petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

Appellant was charged with various drug-related offenses, including felony possession with intent to deliver a controlled substance ("PWID") and three misdemeanors. Pursuant to a plea agreement, the misdemeanor charges were dropped and Appellant pled guilty to PWID (heroin). Appellant was sentenced on November 20, 2012 to a mandatory minimum term of

sixty to one-hundred-twenty months of imprisonment.[1]  No post-sentence motions were filed and no direct appeal followed.

An untimely motion for modification of sentence, *nunc pro tunc*, was filed by Appellant, *pro se*, on January 17, 2013.[2]  The trial court treated the motion as a PCRA petition and appointed the office of the public defender to represent Appellant.  In that PCRA petition, Appellant alleged that 1) trial counsel was ineffective for failing to file a post-sentence motion or direct appeal despite Appellant's request and 2) Appellant's sentence, of a mandatory minimum of five years of incarceration and a $30,000.00 maximum fine, was improper as he was subject only to a three-year mandatory minimum and a $15,000.00 fine.

On April 22, 2013, appointed PCRA counsel filed a ***Turner/Finley***[3] "no-merit" letter, complied with the additional requirements of ***Turner/Finley*** and filed a petition to withdraw as counsel.  In addressing

---

[1] ***See*** 42 Pa.C.S. § 9712.1 ("Sentences for certain drug offenses committed with firearms").

[2] Pursuant to the prisoner mailbox rule, Appellant's *pro se* PCRA petition is deemed filed on January 17, 2013, the date it was placed in the hands of prison authorities for mailing.  ***See Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing.").

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant's PCRA issues, the PCRA court determined there was no merit to Appellant's claims that counsel was ineffective for failure to file post-sentence motions or a direct appeal or that counsel was ineffective for failing to explain to Appellant why he faced a five-year mandatory minimum sentence. Furthermore, the court concluded that Appellant's sentence was not illegal. Appointed PCRA counsel's petition to withdraw was also granted. On May 3, 2013, the PCRA court filed an opinion and notice of its intent to dismiss the petition, and on May 28, 2013, issued a final order denying the Appellant PCRA relief. No appeal was filed. On October 15, 2013, Appellant, *pro se*, filed his second PCRA petition which is the basis of this appeal.[4]

The PCRA court issued a notice of intent to dismiss the PCRA petition on October 16, 2013. On October 23, 2013, Appellant filed an amended PCRA petition, prepared by privately-retained counsel. On November 13, 2013, the PCRA court denied Appellant's *pro se* and amended petitions. Appellant filed his appeal on December 12, 2013.

Appellant raises the following issues on appeal, which we reproduce, verbatim, as follows:

---

[4] Appellant's judgment of sentence became final on December 20, 2012, when his time for filing a direct appeal had expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). As such, Appellant had until December 20, 2013, to file any PCRA petition, including a second or subsequent petition. 42 Pa.C.S. § 9545(b)(1). Therefore, Appellant's petition filed on October 15, 2013 was timely.

(a) Whether the Trial Court committed reversible error when it denied the Petitioner's (Defendant's/Appellant's) pro se petition and the Amended Petition of October 15, 2013.

(b) Whether the Defendant's guilty plea was knowingly, voluntarily and intelligently given; if not, whether this is a basis to set aside the guilty plea.

(c) Whether Attorney E. Hackwelder's representation of Defendant was ineffective for failing to conduct the type of discovery which Brady v. Maryland 373 U.S. 83 (1963) requires as to the disclosure of exculpatory and impeachment evidence; the failure of Attorney Hackwelder to motion to suppress evidence within thirty (30) days after arraignment; the failure of defense counsel to challenge the manner in which he was taken into custody and narcotics and contraband was seized by law enforcement without compliance with the Miranda warnings; and the failure by defense counsel to challenge the circumstances by which it was determined that he was in the possession of a handgun, as well as failing to challenge a purported confession and for failing to file a motion challenging the weight of the evidence.

(d) Whether the plea colloquy conducted by the trial court met the requisite standards required for a knowing, voluntary and intelligent plea.

(e) Whether the Petitioner's constitutional rights were violated in that he was denied a fair trial and was prejudiced.

Appellant's Brief at 2-3.

When reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to determining whether the evidence of record supports the determination of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). Great deference is granted to the findings of the PCRA court, and

these findings will not be disturbed unless they have no support in the certified record. ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003).

Because this is a serial petition for post-conviction relief, Appellant must meet a more stringent standard. In ***Commonwealth v. Lawson***, 549 A.2d 107, 112 (Pa. 1988), our Supreme Court held that serial post-conviction petitions, such as the present one, are also subject to a miscarriage-of-justice standard. ***Lawson***, 549 A.2d at 112.

> A second or any subsequent post-conviction request for relief "will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." ***Commonwealth v. Carpenter***, 555 Pa. 434, 725 A.2d 154, 160 (1999) (quoting ***Commonwealth v. Lawson***, 519 Pa. 504, 549 A.2d 107, 112 (1988)). "A petitioner makes a *prima facie* showing if he 'demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged.'" ***Id.*** (quoting ***Commonwealth v. Morales***, 549 Pa. 400, 701 A.2d 516, 520-21 (1997)); ***see also Commonwealth v. Palmer***, 814 A.2d 700, 709 (Pa. Super. 2002).

***Commonwealth v. Burkhardt***, 833 A.2d 233, 236 (Pa. Super. 2003).[5]

With this standard in mind, we examine Appellant's many allegations.

On appeal, Appellant asserts that trial counsel was ineffective:

> for failing to conduct the type of discovery which <u>Brady v. Maryland</u> 373 U.S. 83 (1963) requires as to the disclosure of

---

[5] In ***Commonwealth v. Beasley***, 967 A.2d 376, 393-394 (Pa. 2009), our Supreme Court restated ***Lawson*** and declined to change it.

exculpatory and impeachment evidence; the failure of Attorney Hackwelder to motion to suppress evidence within thirty (30) days after arraignment; the failure of defense counsel to challenge the manner in which [Appellant] was taken into custody and narcotics and contraband [were] seized by law enforcement without compliance with the Miranda warnings; and the failure by defense counsel to challenge the circumstances by which it was determined that he was in the possession of a handgun, as well as failing to challenge a purported confession and for failing to file a motion challenging the weight of the evidence.

Appellant's Brief at 2. Appellant further maintains that his guilty plea was not knowing, voluntary and intelligent and that the on-the-record colloquy was insufficient. *Id.* at 7-8.[6]

Appellant's eligibility for relief is governed by section 9543 of the PCRA, which lists four factors that must be met before such relief may be granted. The third factor is stated as follows:

**§ 9543. Eligibility for relief**

**(a) General rule.**--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

* * *

(3) That the allegation of error has not been previously litigated or waived.

---

[6] We note that, although Appellant presents five issues in his statement of questions involved, the argument portion of his brief is divided into four sections and the argument sections do not correspond to the issues as designated.

42 Pa.C.S. § 9543(a)(3). The PCRA defines an allegation of error previously litigated or waived as follows:

> **§ 9544. Previous litigation and waiver**
>
> **(a) Previous litigation.**--For purposes of this subchapter, an issue has been previously litigated if:
>
> * * *
>
>> (2) the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or
>>
>> (3) it has been raised and decided in a proceeding collaterally attacking the conviction or sentence.
>
> * * *
>
> **(b) Issues waived.**--For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, . . . , on appeal or in a prior state postconviction proceeding.

42 Pa.C.S. § 9544.

In the case *sub judice*, Appellant could have raised all of the issues presented herein in his prior PCRA petition. 42 Pa.C.S. § 9544(b). Accordingly, the issues have been waived unless Appellant can establish one of the exceptions under **Lawson**.

As previously noted, in a second or subsequent post-conviction proceeding, all issues are waived except those which implicate a defendant's innocence or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized

society can tolerate occurred. ***Lawson***, 549 A.2d at 112. A third exception to the waiver provisions exists: issues involving the legality of a sentence, since those types of issues never may be waived. ***Commonwealth v. Williams***, 660 A.2d 614, 618 (Pa. Super. 1995).

All but one of Appellant's claims, that his guilty plea was not knowing, voluntary and intelligent, which will be discussed subsequently, fail to meet these standards. These allegations neither relate to Appellant's innocence nor do they raise the possibility that the proceedings were so unfair that his conviction resulted from a miscarriage of justice which no civilized society could tolerate.[7] Additionally, Appellant does not raise an allegation of illegality of sentence.[8] Therefore, these claims will not be entertained herein.

---

[7] In ***Commonwealth v. Dukeman***, 605 A.2d 418, 421 (Pa. Super. 1992), this Court concluded that appellant's claim that his rights pursuant to ***Miranda v. Arizona***, 384 U.S. 436, (1966), were violated was not an issue relating to his innocence; thus, it was waived. Additionally, a "miscarriage of justice" will not be found where an appellant asserts general due process and ineffective assistance of counsel claims. ***See Commonwealth v. Laskaris***, 595 A.2d 1229, 1231-1232 (Pa. Super. 1991) (PCRA court found no miscarriage of justice entitling appellant to PCRA relief in a due process claim.); ***Commonwealth v. Szuchon***, 633 A.2d 1098, 1099-1100 (Pa. 1993) (no miscarriage of justice found entitling appellant to PCRA relief where appellant made claims of ineffective assistance of counsel).

[8] As noted above, we recognize that we may nonetheless address a legality of sentence issue in a timely PCRA petition. In this regard, we are mindful of the holding of the United States Supreme Court in ***Alleyne v. United States***, 133 S.Ct. 2151 (U.S. 2013), that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury

However, Appellant's allegation that his plea was not knowingly, voluntarily and intelligently entered, does raise a colorable issue relating to his innocence and will be entertained on the merits. Nonetheless, we conclude that it is refuted by the record.

"A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." ***Commonwealth v. Morrison***, 878 A.2d 102, 107 (Pa. Super. 2005); Pa.R.Crim.P. 590, Comment. Additionally, a written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. ***Morrison***, 878 A.2d at 108 (citing Comment to Pa.R.Crim.P.

---

and found beyond a reasonable doubt." ***Alleyne***, 133 S.Ct. at 2155. This Court has invalidated mandatory minimum sentences imposed pursuant to 42 Pa.C.S. § 9712.1 based upon ***Alleyne's*** mandate. ***See Commonwealth v. Watley***, 81 A.3d 108 (Pa. Super. 2013) (*en banc*); ***Commonwealth v. Munday***, 78 A.3d 661 (Pa. Super. 2013). Nevertheless, we find that the holding in ***Alleyne*** does not affect the sentence in the present case because Appellant entered a guilty plea and the sentence imposed was negotiated as part of the plea agreement. Therefore, Appellant's sentence does not violate the dictates of ***Alleyne***. ***See Commonwealth v. Tobin***, 89 A.3d 663, 665 n.1 (Pa. Super. 2014) (stating that because defendant pled guilty to possession with intent to deliver marijuana, and admitted to possessing twenty marijuana plants, mandatory minimum sentence imposed pursuant to 18 Pa.C.S. § 7508 did not violate dictates of ***Alleyne***). Moreover, ***Alleyne*** was decided on June 17, 2013, almost six months after Appellant's sentence became final.

590). "[A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (quoting *Commonwealth v. Fluharty*, 632 A.2d 312, 315 (Pa. Super. 1993)). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (internal citation omitted). The entry of a negotiated plea is a "strong indicator" of the voluntariness of the plea. *Commonwealth v. Lewis*, 791 A.2d 1227, 1235 (Pa. Super. 2002).

In this case, both a written plea colloquy and an oral on-the-record colloquy took place. Both colloquies complied with the requirements outlined above. Moreover, Appellant has not carried the burden of proving that his plea was not knowingly, intelligently and voluntarily entered. Indeed, the fact that Appellant entered his plea in response to a negotiated plea agreement strongly indicates that the plea was voluntary. *Lewis*, 791 A.2d at 1235. As such, we conclude that this claim lacks merit.

The PCRA court's determinations are supported by the record. Thus, we conclude that the PCRA court did not err in denying Appellant's petition for relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2014